## Commonwealth v. McKee

*Dennis Turner,* for Commonwealth.
*Joseph A. Nese,* for defendant.

PAPADAKOS, *A.J.,* February 3, 1981—This matter came before the court for hearing on November 19, 1980 on an appeal, timely filed, from a conviction on a charge of reckless driving, Vehicle Code, 75 Pa.C.S.A. §3714, entered by a district justice.

The facts developed at hearing were that a private citizen called the local police to come to the neighborhood because of the manner in which appellant had driven on the street. Officer Benda, Plum Borough Police Department, responded to the call and was told by Mr. Jeffrey Hill that appellant had driven rapidly on the street (about 40 miles per hour) and had almost hit Mr. Hill. The vehicle made an abrupt halt, causing its tires to screech. Mr. Hill cautioned appellant about the manner in which he had driven and appellant swore back at him. At this point, Mrs. Hill put in a call to the police.

Although Officer Benda attempted to locate other eyewitnesses, he found none. Based solely upon the information given by Mr. Hill, and not upon any independent investigation of his own, Officer Benda, ten days later, on July 29, 1980, filed a citation with the district justice, charging appellant with reckless driving. The district justice mailed

the citation-summons to appellant on August 1, 1980 and set a preliminary hearing date of September 9, 1980. At such hearing, appellant was found guilty and, thereafter, appealed to this court on October 8, 1980.

This court cannot find in the evidence of record that appellant was guilty as charged and would ordinarily enter the verdict without explanation. However, appellant has raised issues concerning the apparent misuse of Pa.R.Crim.P. 51, and the court will discuss these matters for the guidance of the police and private citizens.

Rule 51 controls the means of instituting proceedings in summary cases. It presupposes that police officers who issue citations are affiants with personal knowledge or information received through their independent investigation regarding alleged violations. Rule 3 defines affiant as "any responsible party capable of taking an oath who signs, swears to or affirms a complaint and appreciates the nature and quality of his act." Surely, a police officer who has no firsthand knowledge or knowledge gained through independent investigation cannot be deemed a responsible party in a criminal prosecution, summary or otherwise.

Pursuant to Rule 51, when the affiant is not a police officer, the charges can be brought only in a complaint filed with the issuing authority: Pa.R.Crim.P. 51A.(4). A police officer may issue a citation based upon a determination he had made from his investigation at the scene that he has probable cause to believe the defendant has committed a summary offense. He should never put himself in a position of issuing a citation for a private citizen and then, in effect, telling the private citizen, "you carry the ball from here." A police officer is not a vehicle for a private citizen to get into

court. The private citizen has the "complaint" route to bring the charge to the attention of the court.

In this case, it appears that Officer Benda was performing a convenience for Mr. Hill rather than executing his duties as an investigating officer. Without other evidence to support Mr. Hill's complaint of a summary offense, no citation can issue. Rather, Mr. Hill, as a private citizen, could have brought the charge against appellant in a complaint filed with an issuing authority.

## ORDER

And now to wit, February 3, 1981, after hearing, defendant herein is adjudged not guilty of the offense of reckless driving 3714 wherewith he stands charged.

Restitution of fines and costs awarded, and county pay the costs.